**UNITED STATES of America, Plaintiff,**

v.

**Jerry DENTON, Defendant.**

**No. CR-2-82-15.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 31, 1982.

Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Douglas R. Beier, Morristown, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant moved the Court pretrial * * * in limine for an Order prohibiting the Government and its witnesses from introducing evidence and testimony about alleged conversations had between the Defendant and government agent, Patrick Henry, concerning "hot guns, jewelry or stolen guns" and a "book joint" not the subject of this case. * * *

Such motion hereby is

DENIED, but without prejudice to the making by the defendant of an objection at trial to the introduction of any such evidence when, and if, the prosecution seeks to offer it.

In this Circuit, orders in limine are not favored, the better practice being " * * * to deal with questions of admissibility of evidence as they arise [at trial]. * * *" *Sperberg v. Goodyear Tire & Rubber Co.,* C.A. 6th (1975), 519 F.2d 708, 712[1]. At this time, the Court has no way of knowing (1) whether any or all of the aforementioned evidence will be offered at trial, (2) if so, for what purpose or purposes, (3) whether, if offered, some or all of such evidence might be admissible for one or more purposes, and (4) if admissible, wheth-er its probative value might be outweighed by its prejudicial effect.

There are ample safeguards for determining the admissibility or inadmissibility of proffered evidence at trial outside the hearing of the jury. *See* Rules 103(c), 104(c), Federal Rules of Evidence. The Court has no reason to believe the prosecuting attorney(s) would put prejudicial evidence of questionable admissibility before the jury without first giving the Court a chance to rule thereon.